United States District Court
Southern District of Texas
**ENTERED**
August 04, 2023
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| WILLIE LOVE WHITFIELD, (TDCJ #01687699), §§§ | |
| *Petitioner,* § | |
| vs. §§ | CIVIL ACTION NO. H-23-333 |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, §§§§ | |
| *Respondent.* §§ | |

### MEMORANDUM OPINION AND ORDER

State inmate Willie Love Whitfield, (TDCJ #01687699), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2010 conviction and sentence for one count of burglary of a habitation. (Dkt. 1). Respondent Bobby Lumpkin answered the petition, seeking dismissal based on the statute of limitations and on the merits. (Dkt. 7). The respondent filed a copy of the relevant state-court records in support of his answer. (Dkt. 6). Whitfield has not filed a response, and his time to do so has now expired. Having considered Whitfield's petition, the respondent's answer, all matters of record, and the applicable legal authorities, the Court determines that the petition should be dismissed for the reasons that follow.

## I.   **BACKGROUND**

On December 27, 2010, the state trial court adjudicated Whitfield guilty of one count of burglary of a habitation based on his negotiated guilty plea in Grimes County Cause Number 16854. (Dkt. 6-1, pp. 28-38). In exchange for Whitfield's guilty plea, the State dismissed two additional charges against him. (*Id.* at 35). The court sentenced Whitfield in accordance with his plea agreement to fifteen years' imprisonment. (*Id.*). Whitfield did not appeal his conviction or sentence. (*Id.* at 8).

On May 10, 2011, Whitfield signed an application for a state writ of habeas corpus,[1] alleging that his sentence was inappropriate for a "state jail felony," that he was denied a fair and impartial trial, and that his plea was involuntary because he was incompetent at the time it was entered. (*Id.* at 12). He also alleged that trial counsel had provided ineffective assistance in a number of ways. (*Id.* at 13). The Texas Court of Criminal Appeals denied Whitfield's application without written order on August 24, 2011. *See Ex parte Whitfield*, WR-76,205-01 (Tex. Crim. App. Aug. 24, 2011). (Dkt. 6-1, p. 2).

More than eleven years later, on August 18, 2022, Whitfield signed a second

---

[1] Whitfield did not allege the date that he placed his application into the prison mail system so as to take advantage of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 274-75 (1988). Giving Whitfield the benefit of all doubts, the date the application was signed is the earliest that it could have been mailed. Because the exact date of mailing is not critical to this Court's determination of the issues, the Court will use the date the application was signed as the date of mailing for purposes of this Memorandum Opinion and Order.

application for a state writ of habeas corpus, raising two claims concerning the trial court's alleged failure to award him "back-time credit" for the time he spent in jail between arrest and sentencing and one claim of ineffective assistance of trial counsel.  (Dkt. 6-3, pp. 20-34).  The Court of Criminal Appeals dismissed Whitfield's application as noncompliant with the state habeas rules on October 19, 2022. *See Ex parte Whitfield*, Writ No. 79,205-02 (Tex. Crim. App. Oct. 19, 2022). (Dkt. 6-2).

On November 16, 2022, Whitfield signed a third application for a state writ of habeas corpus, raising the same claims that he previously raised in his second application.  (Dkt. 6-6, pp. 20-38).  The Court of Criminal Appeals dismissed Whitfield's application as a subsequent application on January 18, 2023. *See Ex parte Whitfield*, Writ No. 79,205-03 (Tex. Crim. App. Jan. 18, 2023).  (Dkt. 6-5).

On January 26, 2023, Whitfield placed his petition for federal habeas corpus relief under 28 U.S.C. § 2254 into the prison mailing system. (Dkt. 1, p. 10).  In that petition, Whitfield raises the following claims:

1.  The trial court improperly denied him "back-time credit" at sentencing.

2.  The Texas Court of Criminal Appeals improperly dismissed his state habeas application for procedural errors.

3.  The improper dismissal of his state habeas application denied him due process.

4.     The improper dismissal of his state habeas application was plain
error.

(Dkt. 1, pp. 6-7).  Whitfield asks this Court to grant him the back-time credit he

alleges was improperly denied.  (*Id.* at 7).  He also asks the Court to reverse his

conviction based on ineffective assistance of counsel, (*id.*), but his petition includes

no claims of ineffective assistance of counsel.

## II.    <u>DISCUSSION</u>

### A.    <u>Claim for Back-Time Credit</u>
###       <u>(Claim 1)</u>

In his first claim, Whitfield alleges that he was in state custody for 24 months

before he was sentenced but that he was denied "back-time credit" for that time at

sentencing.  (Dkt. 1, p. 6).  He alleges that if he was properly credited for that time,

he would be eligible for release from TDCJ custody.  (*Id.*).  The respondent contends

that this claim is barred by the applicable statute of limitations.  (Dkt. 7, p. 7-10).

Whitfield's petition is governed by provisions of the Antiterrorism and

Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996)

("AEDPA"), which contains a one-year limitations period.  *See* 28 U.S.C. § 2244(d).

That one-year period runs from the "latest of" four accrual dates:

(A)    the date on which the judgment became final by the conclusion
of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created
by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   Whitfield's federal petition was filed on a standard form petition that sets out AEDPA's statute of limitations in full, giving Whitfield notice of the limitations period and an opportunity to explain why his petition is not time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (providing that a court must assure that the parties have "fair notice and an opportunity to present their positions" before dismissing a *pro se* petition as barred by limitations).   Whitfield did not answer the timeliness question on the form petition, instead marking it "N/A." (Dkt. 1, p. 9).   The respondent raised the timeliness issue in his answer, (Dkt. 7, pp. 7-10), but Whitfield did not file a reply to the answer.

The pleadings and matters of record show that Whitfield's conviction and sentence became final for purposes of federal habeas review on January 26, 2011, the date on which his time to file a timely notice of appeal expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that a state court judgment becomes final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review . . . in

state court[] expires"); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (when a defendant stops the appeal process before entry of a judgment by the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires"); *see also* TEX. R. APP. P. 26.2(a) (a notice of appeal must be filed within 30 days after the date the sentence is imposed). Hence, the deadline for Whitfield to file a timely federal habeas petition was one year later, on January 26, 2012. But Whitfield did not file his federal habeas petition until January 26, 2023—eleven years after the one-year limitations period expired. His petition is therefore time-barred unless a later accrual date applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending is not counted toward the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000). Whitfield filed his first state habeas application on May 10, 2011—before the expiration of the federal limitations period—and it was denied on August 24, 2011. Whitfield is therefore entitled to 106 days of statutory tolling due to the pendency of his first state habeas application, extending the limitations period for his federal habeas petition until May 11, 2012. Whitfield's January 26, 2023, federal habeas petition was filed more than ten years outside this limitations period even after accounting for statutory tolling.

Whitfield filed a second application for a state writ of habeas corpus on August 18, 2022, (Dkt. 6-3, pp. 20-34), and a third application on November 16, 2022. (Dkt. 6-6, pp. 20-38). These applications, filed long after the federal limitations period had already expired, do not revive or extend the already expired limitations period, nor do they provide for additional statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Whitfield's federal claim is therefore time-barred unless another exception applies.

But the pleadings do not disclose any other basis for extending or tolling the limitations period. Whitfield has not alleged that any unconstitutional state action prevented him from filing his federal habeas petition before the expiration of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). He has not alleged facts to show that his claim is based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And he has not alleged facts to show that the factual basis for his claim could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). As a result, there is no statutory basis to allow Whitfield to avoid the effect of the limitations period.

Whitfield's claim alleging that he was improperly denied back-time credit is untimely under AEDPA. This claim is dismissed as barred by limitations.

**B.    Claims of State Habeas Court Error**
       **(Claims Two, Three, and Four)**

In his remaining claims, Whitfield alleges that the state habeas court denied

him due process when it dismissed his second and third state habeas applications

without considering the merits of his claim for back-time credit. (Dkt. 1, pp. 6-7).

He contends that the state habeas court improperly dismissed his second state habeas

application for a procedural error and then improperly dismissed his resubmitted

application as a subsequent application. (*Id.* at 6). He asserts that the state habeas

court's failure to address his claim and correct his back-time credit is a due process

violation that results "solely" from these procedural errors. (*Id.* at 7).

The Due Process Clause requires that a person be given an "opportunity to be

heard 'at a meaningful time and in a meaningful manner'" before the government

deprives that person of life, liberty, or property. *Mathews v. Eldridge*, 424 U.S. 319,

333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Whitfield had

the opportunity to challenge his sentence and the award of back-time credit in his

original state habeas application. The fact that he elected not to raise that claim in

that application does not negate the fact that he had the opportunity to do so.

The Due Process Clause also requires the government to adopt and follow

appropriate procedures to ensure the fairness of any decision that results in a

deprivation of life, liberty, or property. *See Daniels v. Williams*, 474 U.S. 327, 331

(1986). Whitfield alleges that the dismissal of his second and third applications on state-law procedural grounds violated this provision. But the Fifth Circuit has repeatedly held that alleged infirmities in state habeas proceedings are not grounds for federal habeas relief. *See, e.g., In re Gentras,* 666 F.3d 910, 911 (5th Cir. 2012) (holding that a challenge to a state's procedures for addressing postconviction petitions does not state a claim cognizable on federal habeas review); *Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005); *Moore v. Dretke,* 369 F.3d 844, 846 (5th Cir. 2004); *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999). This is because "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson,* 256 F.3d 317, 320 (5th Cir. 2001). Moreover, federal habeas review is not available to determine whether the state court correctly applied state law. *See Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004) ("[I]n our role as a federal habeas court, we cannot review the correctness of the state habeas court's interpretation of state law."). Whitfield's claim that the State's application of its procedural rules to his state habeas application denied him due process is not cognizable in this federal petition.

In sum, Whitfield's second, third, and fourth claims do not allege facts demonstrating a cognizable claim for federal habeas relief based on an alleged due process violation. He is not entitled to the relief he seeks, and these claims will be dismissed.

## III.   **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484).  When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  A district court may deny a certificate

of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Whitfield has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV.   **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1.   Whitfield's petition for writ of habeas corpus (Dkt. 1) is **DENIED** with prejudice.

2.   Any other pending motions are **DENIED** as moot.

3.   A certificate of appealability is **DENIED**.

The Clerk shall also send a copy of this Order to the parties.

SIGNED at Houston, Texas, on _____*Aug    4*_____, 2023.


DAVID HITTNER
UNITED STATES DISTRICT JUDGE